**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| JASON ROBERTS | ) |
| PLAINTIFF | ) |
| v. | ) |
| LOUISVILLE METRO DEPARTMENT OF CORRECTIONS<br>400 South 6th Street<br>Louisville, KY 40202 | ) |
| Serve: Dwayne Clark<br>400 South 6th Street<br>Louisville, KY 40202 | ) |
| AND | ) |
| BRETT RHEM, Individually<br>400 South 6th Street<br>Louisville, KY 40202 | ) CIVIL ACTION NO. 3:21-cv-39-RGJ |
| AND | ) |
| DWAYNE CLARK, Individually<br>400 South 6th Street<br>Louisville, KY 40202 | ) |
| AND | ) |
| UNKNOWN DEFENDANTS | ) |
| DEFENDANTS | ) |

## COMPLAINT

### I. Preliminary Statement

1. This is a damages action under 42 U.S.C. § 1983 and state law against Brett Rehn, Dwayne Clark, and the Louisville Metro Department of Corrections, stemming from Rehm's use of excessive force during the prisoner intake of Jason Roberts. Plaintiff alleges that Rehm

violently assaulted Roberts without lawful cause, thereby violating Roberts's right to be free from unreasonable seizure, in gross violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff further alleges that Rehm acted negligently, recklessly or wantonly, and within the course and scope of their employment or, in the alternative, that they acted intentionally, thereby violating Roberts's rights under Kentucky tort law. Plaintiff further alleges that Dwayne Clark and Louisville Metro Department of Corrections and were deliberately indifferent to the need to train and supervise officers (Including Rehm) to deal properly with citizens in certain situations and that this failure to train, supervise, and intervene and/or allowed a policy or custom that led directly to Roberts's injuries.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, and § 1343 which provides for original district court jurisdiction over cases presenting federal questions.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Jefferson County, Kentucky is the location of the events and/or omissions giving rise to this claim; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

5. The plaintiff, Jason Roberts, at all times material hereto was and is a resident of Kentucky.

6. The defendant, Louisville Metro Department of Corrections, is a jail organized under Kentucky law and at all times mentioned herein, was responsible for the establishment of polices, either formally or by custom, regarding employment, training, supervision and

conduct of defendant Rehm and, additionally, was responsible for the employment, training, supervision and conduct of defendant Rehm.

7. The defendant, Brett Rehm, in his individual capacity (Rehm) at all times mentioned herein was and is an officer of the Louisville Metro Department of Corrections and was individually and directly involved in the violent assault of Roberts.

8. The defendant, Dwayne Clark, in his individual capacity (Clark) at all times mentioned herein was and is the director of the Louisville Metro Department of Corrections and failed to properly train, hire, or supervise and/or allowed a policy or custom that led to Mr. Roberts's injuries.

9. The defendants, Unknown Defendants at all times mentioned herein were and are officers of the Louisville Metro Department of Corrections who were individually and directly involved in the violent assault of Roberts and/or failed to intervene to stop the assault of Roberts.

### IV. Nature of Defendants' Conduct

10. Upon information and belief, Plaintiff alleges: (i) that defendants individually and in conspiracy with one another engaged in the conduct described herein under color of the law of Jefferson County, Kentucky and the Commonwealth of Kentucky; (ii) that the defendants named above knowingly participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein in their individual capacities; (iii) that defendants Rehm, Clark, and Unknown Defendants knowingly participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein in their official capacities as officers of Louisville

Metro Department of Corrections; (iv) that the conduct described herein resulted from the failure of the defendants Clark and Louisville Metro Department of Corrections to: (a) employ qualified persons for positions of authority; and/or (b) to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or (c) to promulgate appropriate operating policies and procedures either formally or by custom to protect the Constitutional rights of Roberts; and/or (v) that defendants' conduct was intentional, deliberately indifferent, negligent, grossly negligent, indicated active malice, and/or showed deliberate and/or reckless disregard for and indifference to the health of Roberts and his Constitutional and/or common law rights, and justifies an award of actual and punitive damages.

### V. Facts

11. At all relevant times, the defendants acted under color of state law. In addition, at all relevant times, Rehm acted within the course and scope of their duties as an officer at the Louisville Metro Department of Corrections. At all relevant times Clark acted within the course and scope of his duty as director at the Louisville Metro Department of Corrections.

12. On or about March 4, 2020 Roberts was taken to the Louisville Metro Department of Corrections upon suspicion of a non-violent, low-level crime.

13. While waiting to be fully processed, without provocation Rehm took Roberts to the ground and other officers held Roberts down.

14. Upon information and belief one unknown defendant encouraged Rehm to begin using force against Roberts.

15. Roberts did not physically or verbally threaten any Louisville Metro Department of Corrections employees, including but not limited to Rehm.

16. Roberts was placed into handcuffs.

17. Rehm and/or unknown defendants then intentionally or recklessly continued to use unnecessary force on Roberts after he had been handcuffed, including but not limited to the use of chemical spray in Roberts's face and using physical force which created a cut behind Roberts's ear and injured Roberts's arm.

18. Roberts immediately complained to the Louisville Metro Department of Corrections Staff regarding his injuries.

19. Upon release Roberts sought medical care which confirmed he suffered injury as a result of the incident.

## VI. Causes of Action

### A. Count I – Violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America

20. Paragraphs 1-19 above are incorporated herein by reference and made this Paragraph 20.

21. Defendants', Rehm and Unknown Defendants, conduct and use of unnecessary and unwarranted force to subdue Roberts was objectively unreasonable, was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference toward the health of Roberts, his rights, and the risk of harm to him engendered by the conduct of the defendants.

22. As a result of the above conduct, Roberts, through the deliberate indifference and gross negligence (if not reckless, intentional and/or malicious conduct) of defendants, Rehm and Unknown Defendants, was seriously injured without due process of law and in violation of the prohibition on cruel and unusual punishment found in the Fourth, Eighth,

and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

23. At all times material hereto, defendants, Louisville Metro Department of Corrections and/or Clark enacted or ratified policies or customs that led to the violation of Roberts's civil rights.

### B. Count II – General Negligence

24. Paragraphs 1-23 above are incorporated herein by reference and made this Paragraph 24.

25. By virtue of the foregoing, defendants, Rehm and Unknown Defendants, were negligent and/or grossly negligent and said acts and omissions were the direct and proximate cause of the injuries suffered by Roberts.

### C. Count III – Negligent Hiring, Training, and Supervision

26. Paragraphs 1-25 above are incorporated herein by reference and made this Paragraph 26.

27. Clark had a responsibility to adequately hire, train, and supervise officers including Rehm and Unknown Defendants, including but not limited to, training regarding the handling of prisoners awaiting intake.

28. Clark was negligent and deliberately indifferent in his duty to adequately hire, train, and supervise Rehm and/or Unknown Defendants.

29. At all times material hereto, defendants, Clark, was an agent, servant and/or employee of defendant, Louisville Metro Department of Corrections, and was in a policymaking position at the Louisville Metro Department of Corrections and his failure to adequately hire, train, and supervise should be considered the policy or custom of Louisville Metro Department of Corrections.

### D. Count IV – Common Law Battery

30. Paragraphs 1-29 above are incorporated herein by reference and made this Paragraph 30.

31. By virtue of the foregoing, defendants, Rehm and Unknown Defendants, committed common law battery upon Roberts.

32. At all times material hereto, defendants, Rehm and Unknown Defendants, were agents, servants and/or employees of defendant, Louisville Metro Department of Corrections, and were acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Louisville Metro Department of Corrections, is jointly and severally liable, for any judgment obtained herein against defendants, Rehm and Unknown Defendants, including but not limited to punitive damages.

### E. Count V - Outrage

33. Paragraphs 1-32 above are incorporated herein by reference and made this Paragraph 33.

34. Each and every Defendants' treatment of Roberts was so beyond the bounds of human decency that it exemplifies the tort of outrage.

35. At all times material hereto, defendants, Rehm, Clark and Unknown Defendants, were agents, servants and/or employees of defendant, Louisville Metro Department of Corrections, and were acting within the course and scope of that agency, servitude and/or employment and, therefore, defendant, Louisville Metro Department of Corrections, is jointly and severally liable, for any judgment obtained herein against defendants, Rehm and Unknown Defendants, including but not limited to punitive damages.

### VII. Damages

36. Paragraphs 1-35 above are incorporated herein by reference and made this Paragraph 36.

37. Plaintiff, Jason Roberts, is entitled to recover his past and future reasonable medical expenses. Plaintiff, Roberts, is also entitled to recover damages for past and future

physical and mental pain and suffering he experienced as a result of this incident. The violation of Roberts's Constitutional and common law rights was cruel, malicious, and evinced a total and reckless disregard for his health and his rights, entitling plaintiffs to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiffs request trial by jury of all allegations set forth herein, and that plaintiffs be awarded all damages sought in Paragraph 37, including actual and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com